

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2002

# Chatam Intl Inc v. Bodum Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Chatam Intl Inc v. Bodum Inc" (2002). *2002 Decisions.* Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CHATAM INTERNATIONAL INCORPORATED,

                                    Appellant
                        v.

        BODUM, INC.; "CHAMBORD.COM"

    On Appeal from the United States District Court
        for the Eastern District of Pennsylvania
              D.C. Civil No. 00-cv-01793
        District Judge: Hon. Edmund V. Ludwig

            Argued: July 15, 2002
            (Filed:  July 19, 2002)
        Before: McKee, Weis & Duhe, Circuit Judges

Paul M. Lewis, Esq. Argued
Joshua Sarner, Esq.
Sarner & Associates
1835 Market Street
Eleven Penn Center, 29th Floor
Philadelphia, PA 19103

        Attorneys for Appellant

David E. Bennett, Esq. Argued
Chad A. Schiefelbein, Esq.
Vedder, Price, Kaufman & Kammholz
222 North LaSalle Street
Suite 2600
Chicago, IL 60601

Barry L. Cohen, Esq.
Thorp, Reed & Armstrong
2005 Market Street
One Commerce Square, Suite 2010
Philadelphia, PA 19103

        Attorneys for Appellee

                OPINION OF THE COURT

McKee Circuit Judge.

    Chatam International Incorporated appeals the district court's grant of summary
judgment in favor of Bodum, Inc. and against Chatam International on the latter's claim
for trademark infringement and trademark delusion pursuant to 15 U.S.C.  1125.  For
the reasons that follow, we will affirm.
    Inasmuch as we write only for the parties who are familiar with the background of
this suit, we need not set forth the underlying facts or circumstances of this appeal.  We
have reviewed the thorough and thoughtful Memorandum which the district court filed
on August 8, 2001.  We believe the district court adequately explained its reasons for
granting summary judgment, and we affirm the district court's grant of summary

judgment substantially for the reasons set forth in that thoughtful Memorandum.

We do, however, note that at oral argument, counsel for Chatam, argued that it was not "immediately apparent" that Bodum's use of the domain name, "CHAMBORD.COM," was related to the sale or offering of coffee makers (as allowed by the 1982 Consent Decree) as opposed to the sale of coffee or tea (as prohibited under the Consent Decree). However, it is uncontested that the unambiguous text of the Consent Decree allows Bodum to use the mark, "Chambord," "in connection with the sale and offering for sale of coffee makers." The challenged use of the domain name here is clearly "in connection with the sale . . . of coffee makers."

Although it can be argued that such a connection is not "immediately apparent" on the face of the domain name, the language of the Consent Decree does not require it to be. The connection to coffee makers is, immediately apparent from the web pages linked to the domain name. That is consistent with the language that the parties drafted. Although it is certainly possible that Bodum could use the mark in connection with the sale of coffee makers in a manner that would violate the Consent Decree, we do not find any such inconsistency here. Accordingly, we conclude that the district court did not err in granting summary judgment to Bodum, Inc.

By the court:

/s/ Theodore A. McKee
Circuit Judg